## DETERMINATION AS TO WHETHER TERRITORY IS "WET" OR "DRY."

Circuit Court of Cuyahoga County.

EDWARD MILLER v. STATE OF OHIO.

Decided, May 20, 1907.

*Error—Court Will Not Refuse to Allow Petition in Error Because Not Filed Within Thirty Days When Court Has Not Been in Sesstion During that Time—Intoxicating Liquors—Judge Who Issues Warrant for Alleged Violator of Beal Option Law. May Try the Case—Status of Territory as "Wet" or "Dry" Fixed by Earliest Legal Finding.*

1. When a motion for leave to file a petition in error is presented to the clerk of the circuit court, within the time prescribed by law, the court will not refuse to allow the petition to be filed on the ground that leave was not obtained within thirty days, when the court was not in session during that time.

2. The judge who has issued a warrant for one accused of violating any local option law is not thereby disqualified to try the accused under the provisions of Section 4364-30, Revised Statutes.

3. Where a petition to declare a certain residence district "dry" territory has been properly filed, with a common pleas judge, a hearing had, and a finding made that the territory is "dry," the status of the territory will not be changed by a later finding by a mayor of the municipality that the territory is "wet," even though the petition upon which the mayor acted was filed at an earlier date than that upon which the judge acted.

*George W. Shaw,* for plaintiff in error.
*A. W. Lamson* and *F. D. Morrow,* contra.

MARVIN, J.; HENRY, J., concurs.

Miller was brought before the Hon. George L. Phillips, a judge of the court of common pleas of this county, and found guilty upon an affidavit charging him with violating the second section of an act passed by the Legislature on the 22d day of February, 1906 (98 Ohio Laws, 12), entitled "An act to provide for the enforcement of local option laws and to prohibit the sale of intoxicating liquors as a beverage." This section is now Section 4364-30o, Revised Statutes, and to reverse the judgment of conviction, a motion is now made for leave to file a petition in error in this court.

As to this petition the facts are, that at the time the motion was filed, which was within the time prescribed by law for the filing of such petition in error, this court was not in session, nor was it in session for several weeks thereafter, nor until the time within which petition in error could, under the terms of the statute, be filed.

On the same day that this motion was filed the plaintiff in error delivered to the clerk of this court a petition in error, and had the same filed as of that date.

On the part of the defendant in error, it is urged that this motion should not be granted for the reason that it is provided by statute that such petition must be filed within thirty days after the rendition of the judgment complained of. This court has already held, that where the court is not in session at the time when the petition in error should be filed, so that there is

no opportunity to file a petition in error, if such motion is filed within the proper time the motion will be heard after the thirty days, providing the court has not been in session before that time. We think the Legislature could not have intended a perfectly vain thing in providing for proceedings in error under this statute. The contention made by the defendant in error would make it possible for those wanting prohibition within a given territory, to file their petition (and it would be equally true that those desiring to prevent prohibition within a given territory could file their petition) at such time that it would be certain the circuit court would not be in session within the thirty days after the hearing of such petition, and so either side desiring to prevent a proceeding in error could, by filing the petition within a specified time, make it practically certain that no proceeding in error could ever be had. This would practically nullify the provision of the statute with reference to proceedings in error. This could not have been the intention of the Legislature, and we hold that where the motion is filed within the time and the petition is presented to the clerk for filing at the same time, the court will not refuse to allow the petition to be filed simply on the ground that leave was not obtained within the thirty days, when the court was not in session during that prescribed time.

We come, then, to consider the question whether any error is shown upon the record which would justify the granting of leave to file the petition in error.

On the part of the plaintiff in error a motion was made before the trial court to dismiss the accused upon the ground that the affidavit upon which the prosecution was based purports, by language used in the beginning of such affidavit, to have been made before Judge Phillips, whereas it is certified to have been sworn to before a deputy clerk of the common pleas court. This motion was overruled, and we think properly overruled. The affidavit might have been made before any officer authorized to administer oaths, as this deputy clerk was. It is said, however, that the prisoner should have been discharged on the ground that the warrant upon which he was arrested was issued by the judge of the court. A motion to that effect was made

and overruled. There was no error in this action of the court. The warrant was issued by an officer authorized under the act to try the case, and necessarily this officer must have had some means of getting the prisoner before him.

The section which provides for the trial is numbered 18 and reads:

"Any common pleas or probate judge with whom an affidavit is filed, charging the violation of any of the local option laws of the state, prohibiting the sale of intoxicating liquors as a beverage, when the offense is alleged to have been committed in the county in which such judge may sit, shall have final jurisdiction to try such case upon such affidavit without a jury, unless imprisonment is a part of the penalty, and in any case under this act, it should not be necessary that any information be filed by the prosecuting attorney or that any indictment shall be found by the grand jury."

It is said that there was error in the trial in that the location of the place of business of Miller, which it is admitted was a saloon where intoxicating liquors were sold, was not within the territory in which such sales were prohibited. If this place of business is within territory in which the sale of intoxicating liquors, or the keeping of a place for the sale of intoxicating liquors was prohibited by law, confessedly Miller was guilty.

The facts are: That a petition was filed, under the statute authorizing the filing of same, with Judge Ford, a judge of the court of common pleas. That petition before Judge Ford was heard, and upon the hearing it was found that all the proceedings were regular and proper and that the sale of intoxicating liquors was prohibited by law in the territory described in said petition.

Another petition, however, was filed with the mayor of the city of Cleveland, praying that in the territory described in said petition the sale of intoxicating liquors should not be prohibited. That the sale of intoxicating liquors should not be prohibited within that territory was found by the mayor and these proceedings were regular.

The petition filed with the mayor was filed before the petition filed with Judge Ford, above referred to, but the petition filed

with the mayor was not heard until after Judge Ford had decided that in the territory included in the petition filed before him, the selling of intoxicating liquors was prohibited, so that when the hearing was held before the mayor it had already been found and decided by Judge Ford, under the statute authorizing such proceedings, that the territory described in the petition was what is ordinarily denominated as "dry" territory.

We know of no provisions of law nor of any reason why the fact that a petition was on file with the mayor to have this territory declared "wet," should in anywise interfere with Judge Ford's jurisdiction to find that it should be "dry," and he having so found, no subsequent action of the mayor, upon the petition filed with him, could take away the prohibition resulting from the hearing before Judge Ford, and the motion for leave to file petition in error is overruled.